NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:
EVELYN RODRIGUEZ CHAVEZ, *Petitioner/Appellant*,

*v.*

DARYL ABRAN CHAVEZ, *Respondent/Appellee*.

No. 1 CA-CV 14-0705 FC
FILED 7-21-2015

Appeal from the Superior Court in Maricopa County
No. FC2008-094231
The Honorable Boyd W. Dunn, Judge

**VACATED AND REMANDED IN PART; AFFIRMED IN PART**

COUNSEL

Evelyn Rodriguez Chavez, Chandler
*Petitioner/Appellant*

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Patricia A. Orozco joined.

**G O U L D**, Judge:

¶1 Evelyn Chavez ("Mother") appeals from the family court's order modifying child support. For the following reasons, we vacate and remand in part, and we affirm in part.[1]

## FACTS AND PROCEDURAL HISTORY

¶2 In 2009, the family court entered a decree awarding Mother sole legal custody of the parties' two minor children, J.C. and A.C. In 2012, Mother sought to relocate the children from Arizona to Texas, but the family court denied her request. Mother decided to relocate to Texas without the children and, as a result, the family court modified custody and awarded physical custody of the children to Daryl Chavez ("Father"). The family court also ordered Mother to pay Father child support.

¶3 Mother returned to Arizona and filed a petition to modify parenting time and child support on December 20, 2013. Because Father evaded service of Mother's petition, the family court granted Mother's request to serve Father at his place of employment. Father was served with the petition on February 10, 2014.

¶4 The family court issued temporary orders awarding Mother and Father equal parenting time beginning February 19, 2014. On August 26, 2014, the family court modified custody and child support as to A.C., the parties' sole remaining minor child.[2] The court designated Mother as A.C.'s primary residential parent and ordered Father to pay Mother child support commencing September 1, 2014. The court also ordered Mother to pay Father child support arrearages for December 1, 2012 through July 31, 2014. Mother timely appealed.

---

[1] Father did not file an answering brief. Although we may treat this as a confession of error, we instead exercise our discretion to decide this appeal on the merits relying on the opening brief and our review of the appellate record. *See Patterson v. Patterson*, 226 Ariz. 356, 358 n.2 (App. 2011)

[2] J.C. graduated from high school in May 2013, and turned 18 in August 2013.

**DISCUSSION**

**¶5**   Mother argues the family court's order modifying child support should have been effective January 1, 2014, the first day of the month following the filing of her petition, rather than September 1, 2014.

**¶6**   We review the family court's decision to modify the child support for an abuse of discretion. *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999). However, interpretation of statutes and the Arizona Child Support Guidelines present questions of law, which we review de novo. *Guerra v. Bejarano*, 212 Ariz. 442, 443, ¶ 6 (App. 2006).

**¶7**   A modified support order is "effective on the first day of the month following notice of the petition for modification . . . unless the court, for good cause shown, orders the change to become effective at a different date but not earlier than the date of filing the petition for modification." Ariz. Rev. Stat. ("A.R.S.") §§ 25-327(A), –503(E).

**¶8**   Mother filed the petition for modification on December 20, 2013, and Father was served on February 10, 2014. Under the plain language of A.R.S. sections 25-327(A) and –503(E), absent good cause shown, the presumptive effective date for the modified support order is March 1, 2014.

**¶9**   There is no evidence in the record establishing good cause for delaying the effective date of the support order. Indeed, the court's temporary orders awarding Mother and Father equal parenting time beginning February 19, 2014 would appear to support an earlier effective date. Accordingly, pursuant to A.R.S. sections 25-327(A) and –503(E), we vacate the family court's order establishing the effective date of support as September 1, 2014, and remand for further proceedings consistent with this decision.

**¶10**   Mother contends that she is not liable for any support payments for J.C. retroactive to the date of J.C.'s emancipation. We disagree.

**¶11**   A person has a "duty to provide all reasonable support for that person's . . . unemancipated children." A.R.S. § 25-501(A). A child is emancipated on the child's eighteenth birthday. A.R.S. § 25-503(O)(2). However, when a child support order provides support for more than one child, even when the duty to provide support stops because one child reaches her majority, the support order for the emancipated child does not automatically terminate. *Bejarano*, 212 Ariz. at 446, ¶ 15; *see also* A.R.S. § 25-

320 app. § 25.  Rather, to modify child support under these circumstances, a party must make a written request for the court to modify child support. *Id.*

**¶12**      Here, the child support order provided support for two children.  Although J.C. reached her majority in August 2013, Mother did not file a request to modify the order until December 20, 2013.  As a result, the family court was not permitted to retroactively modify Mother's child support obligation as to J.C. to a date earlier than December 20, 2013.  A.R.S. §§ 25-327(A), –503(E); *Bejarano*, 212 Ariz. at 446, ¶ 15.  Accordingly, we affirm the family court's order denying Mother's request for retroactive termination of child support for J.C.

**¶13**      Mother also argues the family court was required to make an express finding that J.C. is emancipated.

**¶14**      There is no legal requirement that a court make an express finding of a child's emancipation.  *See* A.R.S. § 25-503(O)(2).  Mother concedes that the court reached the correct factual and legal conclusion that support may only be ordered for A.C.  In addition, the family court's support order correctly states the parties have only one remaining minor child, and the award of support is solely for that minor child.  We find no error.

**¶15**      Finally, in our discretion, we deny Mother's request for attorneys' fees on appeal pursuant to A.R.S. § 25-503(E) and document preparation fees pursuant to A.R.S. § 12-341.02.  However we grant Mother's request for costs upon her compliance with ARCAP 21.

## CONCLUSION

**¶16**      For the foregoing reasons, as to the effective date of the child support modification order, we vacate and remand for further proceedings; however, we affirm the family court's order denying Mother's request for retroactive termination of J.C.'s child support.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama